John Doyle BYRD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14827.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1954.

N. Neil Andrews, Pierre Howard and Howard, Howard, Slaton & Holt, Atlanta, Ga., for appellant.

J. Robert Sparks, J. Ellis Mundy, Asst. U. S. Attys., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

Convicted of a violation of Internal Revenue laws, upon evidence obtained without a warrant of arrest or for search, and sentenced to imprisonment and to pay a fine, defendant has appealed, assigning as fundamental error the denial of his motion to suppress the evidence so obtained.

Conceding that if the action of the court denying the motion was not erroneous, the judgment should be affirmed, appellant is here insisting that it was, and the judgment must be reversed.

Marshaling the many authorities which hold without varying that a conviction obtained by the use of evidence secured by an unreasonable search may not stand, among them Roberson v. United States, 6 Cir., 165 F.2d 752, where the whole question is thoroughly canvassed and adequately and correctly dealt with, he urges upon us that the undisputed facts of record in connection with the hearing on the motion establish as matter of law that the search was unreasonable and forbidden, the order on the motion was error, and the judgment may not stand.

The United States, showing equal assiduity in searching and analyzing the authorities and equal earnestness in insisting that the motion was correctly denied, urges upon us that the finding that the search was not unreasonable was correct, as matter of law, but, if not, certainly as matter of fact, and the finding and order may not be set aside.

We do not find it necessary to determine, as we are urged to do, that the denial of the motion was demanded as matter of law because we are in no doubt that whether or not this is so, the finding that the search was not unreasonable certainly finds support in the evidence and that the district judge, to whose determination the fact question was properly submitted, Roberson v. United States, supra, had the right under the evidence to find as he did.

Whatever might have been said of this case before the coming down of the decision in United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, we think it clear that, under their teachings and the finding of the district judge, we are bound to hold; that the search was not unreasonable; that it was not error to deny the motion to suppress; and that the judgment must, therefore, be affirmed.